

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# Just New Homes Inc v. Beazer Homes

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1518

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Just New Homes Inc v. Beazer Homes" (2008). *2008 Decisions.* Paper 481.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/481

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1518

_____

JUST NEW HOMES, INC.; D. RICHARD TONGE,

Appellants

v.

BEAZER HOMES; PULTE HOMES; TOLL BROTHERS;
ELLIOT BUILDING GROUP LTD.; K. HOVNANIAN COMPANIES;
KATZ BUILDERS & DEVELOPERS, INC.;
MICHAEL ANTHONY HOMES; RYAN HOMES; SAL LAPIO HOMES;
RICHMOND AMERICAN HOMES; C&M HOME BUILDERS, INC.;
WEICHERT REALTORS; COLDWELL BANKER REALTY CORP.; RE/MAX 440
REALTY, INC.; LONG & FOSTER REAL ESTATE, INC.; ERA WAYNE SLOTTER
REALTY, INC.; HBA OF BUCKS & MONTGOMERY COUNTIES

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-04198)
District Judge: Honorable John P. Fullam

_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2008

_____

Before: BARRY, AMBRO, and JORDAN, <u>Circuit Judges</u>

(Opinion filed September 26, 2008)

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

Just New Homes, Inc., a buyer's brokerage firm with an Internet-based business model, along with its President and CEO D. Richard Tonge (collectively, "Just New Homes"), brought this antitrust suit in the United States District Court for the Eastern District of Pennsylvania. It alleges that the defendant home builders refused to do business with it at the behest of the defendant realtors (in part through the activities of a trade association, which is also a defendant), who wished to stifle competition from Just New Homes. The District Court granted summary judgment to the defendants. We affirm.

In 1999, Just New Homes launched its brokerage business with two main aspects. First, it employed a team of researchers to assemble a database of new-construction properties across 14 states and the District of Columbia. It created a website based on that database to attract prospective buyers to become clients. Second, it developed a system for registering prospective buyers as brokerage clients. This system, based on printable coupons that clients would submit to the builder or seller-broker, was designed to allow Just New Homes to represent its clients as a buyer-broker without being physically present at buyers' initial visits to properties.

Just New Homes alleges that the defendants—11 builders, 5 realtors, and the Home Builders Association of Bucks and Montgomery Counties ("HBA"), a trade association including both builders and realtors—conspired to boycott its services, in violation of the Sherman Act, 15 U.S.C. § 1 ("Every contract, combination in the form of

trust or otherwise, or conspiracy, in restraint of trade or commerce . . . is declared to be illegal."). The defendants' alleged refusal to deal with Just New Homes was effected through a physical presence requirement for buyer-brokers—to receive a commission, a buyer-broker must show up at the buyer's first visit. The defendants justify this policy as a method of avoiding conflicts over sales commissions by verifying the buyer-broker's identity in the presence of the buyer and the seller-broker.

The District Court had jurisdiction over Just New Homes' suit under 28 U.S.C. § 1337(a). We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment *de novo*. *AT&T Corp. v. JMC Telecom, LLC*, 470 F.3d 525, 530 (3d Cir. 2006). We review the facts in the light most favorable to Just New Homes as the party opposing the motion, and we will uphold summary judgment for the defendants only if no genuine issue of material fact remains. *Id.*

In *Rossi v. Standard Roofing, Inc.*, 156 F.3d 452 (3d Cir. 1998), we explained that direct evidence would best overcome the usual "difficult[y] for the plaintiff to demonstrate that what the manufacturer or supplier did was inconsistent with independent action or that the claimed conspiracy makes economic sense," *id.* at 456. Circumstantial evidence can sometimes allow an antitrust plaintiff to survive summary judgment. *Id.* at 465–66. But when presented with circumstantial evidence alone we evaluate the plaintiff's claim under a more rigorous standard, hence requiring facially implausible claims (such as those that make no economic sense) to be accompanied by "' more persuasive evidence'" than otherwise required. *See id.* at 466 (citing and quoting from

3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)).

Just New Homes argues that it has successfully presented direct evidence of a horizontal group boycott. We disagree. Just New Homes alleges that the physical presence requirement was enforced through a standard form agreement including that requirement and distributed by the HBA to builders. Yet the record shows that the form was created in 1996, three years before Tonge founded Just New Homes. Just New Homes selectively quotes from the deposition of Steven Katz, owner of defendant Katz Builders and Developers, Inc., to argue that the defendants acted in concert to create the form. But Katz stated that "You did not have to follow [the form]. . . . There was no punishment if you didn't use it."

In addition, Just New Homes cites a letter from Joseph J. Tarantino, Jr., President of Continental Realty Co., Inc. (Continental is not among the defendants in this case.) Tarantino's letter states that the physical presence requirement "has been followed by all Brokers associated with the Montgomery County Association of Realtors and other associations as well." But the letter, dated August 2000, goes on to state that the policy was 15 years old, undermining Just New Homes' claim that the policy reflects a concerted refusal to deal with it.

Just New Homes also mentions statements heard by Tonge at two meetings, one of the HBA and one of the local chapter of the National Association of Realtors. It attributes neither statement to any particular individual, however, leaving us with no evidence that a representative of one of the defendants made those statements. The fact

4

that Just New Homes sent a letter to the HBA objecting to what it considered to be a collusive policy, enforced by the trade association, is not evidence of the defendants' activity.

Because the direct evidence cited by Just New Homes does not support its allegations, we do not treat its claim under a *per se* rule. Instead, we apply a rule of reason. *Rossi*, 156 F.3d at 461–63. Just New Homes must rely on circumstantial evidence to prove all four of the following elements of an antitrust violation (rather than just the first and the fourth, as would be the case under a *per se* rule):

> (1) that the defendants contracted, combined or conspired among each other; (2) that the combination or conspiracy produced adverse, anti-competitive effects within the relevant product and geographic markets; (3) that the objects of and the conduct pursuant to that contract or conspiracy were illegal; and (4) that the plaintiffs were injured as a proximate result of that conspiracy.

*Id.* at 464–65 (quoting *Tunis Bros. Co., Inc. v. Ford Motor Co.*, 763 F.2d 1482, 1489 (3d Cir. 1985), *vacated on other grounds*, *Ford Motor Co. v. Tunis Bros. Co., Inc.*, 475 U.S. 1105 (1986)) (internal quotation marks omitted).

The circumstantial evidence that Just New Homes has offered cannot prove the first three of these four elements. On the most basic level, no evidence exists in the record of conspiracy or collusion among the defendants. Moreover, Just New Homes itself describes the adoption and enforcement of the physical presence requirement as "gradual[]." Just New Homes Br. at 9. This description—and the facts in the record failing to show any collusion among or simultaneous actions taken by the defendants—do

5

not lend any support to a conclusion that the defendants acted other than independently.[1] *See Rossi*, 156 F.3d at 466–67.

Just New Homes argues that the realtor defendants used their market power to pressure the home-builder defendants. But the evidence of market power in this case is not specific to the region. The economic expert offered by Just New Homes merely mentioned an informal rule about the market share that the top 20 defendant realtors in a typical realty market in the United States might have. (Besides, only 11 realtors are defendants in this case.) Such weak evidence cannot establish the second element.

Finally, we see no evidence in the record supporting the third element. Membership in a trade association, without more, does not violate the antitrust laws. *See, e.g.*, *American Structures, Inc. v. Fidelity & Deposit Co. of Md.*, 545 F. Supp. 1021, 1026 (E.D. Pa. 1982). Moreover, the defendants have offered a legitimate justification for the physical presence requirement, *i.e.*, the need to avoid conflicts over which broker has earned a sales commission.

For these reasons, we affirm the District Court's grant of the defendants' motion for summary judgment.

---

[1] For this reason, the claim is deficient even under a *per se* analysis.